Daniel G. Shay (SBN 250548)
DanielShay@TCPAFDCPA.com
LAW OFFICE OF DANIEL G. SHAY
409 Camino Del Rio South, Ste 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

*Attorney for Plaintiffs*
*Derrick Chung & Jean Chung*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK CHUNG & JEAN CHUNG, <br><br> Plaintiffs, <br><br> vs. <br><br> BANK OF AMERICA, N.A. & NATIONSTAR MORTGAGE, LLC, <br><br> Defendants. | CASE NO.  **'15CV2838 AJB  RBB** <br><br> COMPLAINT FOR DAMAGES FOR VIOLATIONS OF: <br><br> 1.  THE FEDERAL FAIR CREDIT REPORTING ACT <br> 2.  THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT <br> 3.  THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT <br> 4.  THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT <br><br> JURY TRIAL DEMANDED |

1

Complaint for Damages

## INTRODUCTION

1. Derrick Chung and Jean Chung ("Plaintiffs") bring this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Bank of America, N.A. and Nationstar Mortgage, LLC (collectively "Defendants") for violations of federal and state credit reporting and debt collection laws. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorney.

2. This action arises out of violations of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* ("FCRA"), the California Consumer Credit Reporting Act, Cal. Civ. Code § 1785.1 *et seq* ("CCRAA"), the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq* ("RFDCPA"). While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

3. The violations committed by Defendants were knowing, willful and intentional. Defendants did not maintain procedures reasonably adapted to avoid any such violations.

4. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

5. Original subject matter jurisdiction is valid in U.S. District Court for violations of the FCRA and FDCPA pursuant to 28 U.S.C. § 1331.

6. Supplemental jurisdiction exists for violations of the CCRAA and RFDCPA pursuant to 28 U.S.C. § 1367(a).

Complaint for Damages

7. Venue is proper in U.S. District Court, Southern District of California, pursuant to 28 U.S.C. § 1391(b)(c) and § 1441(a) because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendants' contacts with this District are sufficient to subject them to personal jurisdiction.

8. Venue is also proper in this District under 28 U.S.C. § 1391(b) because Defendants transact business here and because Plaintiffs have resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiffs' causes of action against Defendants occurred within this judicial district.

## PARTIES & DEFINITIONS

9. Plaintiffs are, and at all times mentioned herein were a married couple, natural persons, individual citizens and residents of the State of California, County of San Diego, in this judicial district. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1681a(c) of the FCRA, 15 U.S.C. § 1692a(3) of the FDCPA and Cal. Civ. Code § 1785.3(b) of the CCRAA. Plaintiffs are also "persons" under Cal. Civ. Code § 1788.2(g) and "debtors" under Cal. Civ. Code § 1788.2(h) of the RFDCPA.

10. Plaintiffs are informed and believe, and thereon allege, that Bank of America, N.A. ("BoA") is, and at all times mentioned herein was, a national bank with its principal place of business located in North Carolina. BoA regularly collects or attempts to collect debts owed or due or asserted to be owed or due on behalf of themselves, and is therefore a "debt collector" within the meaning of California Civil Code § 1788.2(c) of the RFDCPA, and thereby engages in "debt collection" within the meaning of Cal. Civ. Code § 1788.2(b) of the RFDCPA. Plaintiffs allege that at all times relevant herein Defendant conducted business in the State of California, in the County of San Diego, within this judicial district.

3

Complaint for Damages

11. Plaintiffs are informed and believe, and thereon allege, that Nationstar Mortgage, LLC ("Nationstar") is, and at all times mentioned herein was, a limited liability company registered in Delaware with its principal place of business located in Texas. Nationstar regularly collects or attempts to collect debts owed or due or asserted to be owed or due and is therefore a "debt collector" within the meaning of Cal. Civ. Code § 1788.2(c) of the RFDCPA, and thereby engages in "debt collection" within the meaning of Cal. Civ. Code § 1788.2(b) of the RFDCPA. Plaintiffs allege that at all times relevant herein Nationstar conducted business in the State of California, in the County of San Diego, within this judicial district.

12. Nationstar was servicing and collecting upon a discharged mortgage loan that Plaintiffs initially owed to Countrywide, then BoA, which originated as a home mortgage loan whereby financial monies were provided to Plaintiffs with an agreement that the monies would be repaid in the future with the residential real estate being secured as collateral upon the loan note. Therefore, Plaintiffs are informed and believe that the money alleged to have been owed to Defendants originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA and Cal. Civ. Code § 1788.2(d) of the RFDCPA and the money that Defendants were attempting to collect resulted from a "consumer credit transaction" within the meaning of Cal. Civ. Code § 1788.2(e) of the RFDCPA.

13. Because Plaintiffs are natural persons allegedly obligated to pay money arising from what Plaintiffs are informed and believe was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of Cal. Civ. Code § 1788.2(f) of the RFDCPA.

14. The causes of action herein pertain to Plaintiffs' "consumer credit reports", as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA and Cal. Civ. Code § 1785.3(c)

4

Complaint for Damages

of the CCRAA, in that inaccurate misrepresentations of Plaintiffs' credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiffs' eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

15. Defendants are each a partnership, corporation, association, or other entity, and are therefore each is a "person" as defined by Calif. Civ. Code § 1785.3(j) of the CCRAA.

**FACTUAL ALLEGATIONS**

16. On or around November 1, 2006, Plaintiffs jointly incurred a consumer debt to Country Wide Home Lending for a second mortgage on their residence in the approximate amount of $90,000. That debt was later transferred to BoA then assigned for servicing to Nationstar. Credit reporting agencies identify this acct as beginning with 61297.

17. On October 29, 2009, Plaintiffs filed a Joint Chapter 13 Bankruptcy in San Diego under case number 09-16431. BoA and Country Wide Home Lending were both listed in the petition. BoA received actual notice of the bankruptcy filing via the Court Certificate of Mailing, Document Number 9 (nine).

18. On January 22, 2010, Defendants' lien on Plaintiffs' residence securing the debt was voided in the bankruptcy by the Order Granting unopposed Motion to value residence and to Value Collateral and to avoid second trust deed held by Bank of America; with BNC Service, Document Number 18 (eighteen). BoA received notice of that Motion by Certified U.S. Mail and notice of the Order via the Court Certificate of Mailing, Document Number 19 (nineteen).

19. On July 14, 2015, after Plaintiffs dutifully made all of their Chapter 13 plan payments for 5 (five) years, the bankruptcy Court entered the Discharge of

5

Complaint for Damages

Debtors After Completion of Chapter 13 Plan under Document Number 96 (ninety-six). BoA received notice of the Discharge from the bankruptcy Court by way of the Court Certificate of Mailing re Discharge of Debtor After Completion of Plan, Document Number 97 (ninety-seven).

20. On August 17, 2015, Plaintiffs checked their credit reports and were completely surprised to see that BoA/Nationstar was still reporting roughly $79,573 of debt allegedly owed to Nationstar as well as $3,057 past due and late payments – despite BoA receiving notice of the Discharge and the lien being avoided.

21. On or around August 26, 2015, Plaintiffs filed formal Disputes with the credit reporting agencies and Nationstar and sent them all the bankruptcy Discharge Order. Nationstar completed the investigation of that Dispute without any significant updating.

22. On or around September 27, 2015, Plaintiffs checked their credit reports again and still saw a Nationstar balance, etc.

23. On or around October 12, 2015, Plaintiffs filed a second round of Disputes with the credit reporting agencies and Nationstar regarding the Nationstar debt and sent the Discharge Order again along with an Interim Final Report and Account form the Chapter 13 Trustee dated March 11, 2015. This report shows that Nationstar received $48,063.72 over the course of Plaintiffs' Chapter 13 bankruptcy. Even without the Discharge they received, Plaintiff's would owe much less than what Nationstar is furnishing.

24. On November 5, 2015, Plaintiffs checked their credit reports again and instead of seeing that the inaccurate reporting had been corrected, they saw that the Nationstar debt had increased to $85,560 with late payments for August through October and showed the debt as being charged off and no "dispute".

25. On November 6, 2015, Plaintiffs initiated a third round of Disputes regarding the Nationstar debt and Nationstar still has not corrected its furnishing of incorrect information.

6

Complaint for Damages

26. On December 2, 2015, Plaintiffs obtained credit reports that continued to show Nationstar balances of $85,560 with $85,560 past due, etc.

27. All of these entries are completely inaccurate. Nationstar was advised of these inaccuracies multiple times and did nothing to correct them.

28. BoA and Nationstar are well versed in bankruptcy and the resulting discharge of debt that obligates Nationstar to furnish "$0 Current Balance".

29. Nationstar failed to conduct reasonable investigations into the accuracy of the information being disputed by Plaintiffs, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiffs in their written disputes, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting or ensure maximum possible accuracy.

30. The false negative furnishing of information caused actual damage to Plaintiffs and their credit - which in this day and age is practically priceless. Plaintiffs recently applied for credit and were denied based on the inaccurate credit reports.

31. Because Nationstar is a servicer of this account for BoA, Nationstar has therefore been acting at all times relevant as an agent of BoA, and has therefore been acting in association with, and at the direction of, BoA.

32. As such, Nationstar's violations flow through as liability to BoA under agency theories.

33. Plaintiffs intend to move forward with their lives and finances, but are unable to do so because of willful defamatory credit reporting and unlawful debt collection. A fake debt of $85,560 is a significant hindrance especially when coupled with false late payments and charge offs. Creditors will not lend Plaintiffs' capital to finance a vehicle, to improve their home or to start a business. Even if Plaintiffs' are able to obtain financing, it will surely carry an exorbitant interest rate, thereby costing Plaintiffs' thousands and thousands of

Complaint for Damages

dollars over the life of the loan. Plaintiffs have been relegated to the credit netherworld as a result of Defendant's illegal actions.

**FIRST CAUSE OF ACTION**
**FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 ET SEQ.**
**(AS TO NATIONSTAR ONLY)**

34. Plaintiffs reallege and incorporate the above paragraphs as though fully set forth herein.

35. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

36. Nationstar violated the FCRA by engaging in the following conduct that violated 15 U.S.C. §1681s-2(b):

   a. Willfully continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiffs to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

   b. Willfully failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

37. Plaintiffs are informed and believe that Nationstar failed to conduct a reasonable investigation into their written disputes to the credit reporting agencies, failed to correct or delete the inaccurate information, failed to consider all relevant information supplied by Plaintiffs in their disputes, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting, as required by 15 U.S.C. § 1681s-2(b)(1)(A)-(E) because as of December of 2015, Plaintiffs' credit reports still reflect the inaccurate information that was the subject of the disputes.

38. Nationstar also failed to update the derogatory items with the notation that the items are "in dispute" as required by 15 U.S.C. § 1681s-2(b)(1)(A) and *Gorman v. Wolpoff & Abramson, LLP* (9th Cir. 2009) 584 F.3d 1147, 1163-1164, after

8

Complaint for Damages

their disputes months ago.

39. As a result of each and every negligent violation of the FCRA, Plaintiffs are entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

40. As a result of each and every willful violation of the FCRA, Plaintiffs are entitled to actual damages or damages of $1,000.00 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CAUSE OF ACTION
## CONSUMER CREDIT REPORTING AGENCIES ACT
## CAL. CIV. CODE § 1785.25
## (AS TO NATIONSTAR ONLY)

41. Plaintiffs reallege and incorporate the above paragraphs as though fully set forth herein.

42. Cal. Civ. Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

43. Cal. Civ. Code § 1785.25(b) conveys that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

44. Cal. Civ. Code § 1785.25(c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information doesn is disputed by the consumer.

9

Complaint for Damages

45. Defendant willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

46. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount of $5,000.00 for each violation as the Court deems proper.

### THIRD CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 ET SEQ.
### (AS TO NATIONSTAR ONLY)

47. Plaintiffs reallege and incorporate the above paragraphs as though fully set forth herein.

48. Because Nationstar serviced the account and was not the original creditor, it is considered a "debt collector" for purposes of the FDCPA.

49. By reporting upon Plaintiffs' consumer credit reports the false information that Plaintiffs owe a debt and are in default for an account that Plaintiffs had actually discharged, Nationstar has therefore committed the following violations of the FDCPA:

   a. Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e,

   b. Has falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A),

   c. Has communicated to the credit reporting agencies information that is known or should be known to be false in violation of 15 U.S.C. § 1692e(8),

   d. Has used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10),

   e. Has engaged in conduct the natural consequence of which is to harass, oppress, or abuse in violation of 15 U.S.C. §1692d) and

      f. Engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.

50. Plaintiffs allege that to the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

51. As a direct and proximate result of Defendant's violations of the 15 U.S.C. § 1692 *et seq*, Plaintiffs have suffered injury, and may recover from Nationstar $1,000.00 in statutory damages in addition to actual damages and reasonable attorney fees and costs pursuant to the FDCPA.

### FOURTH CAUSE OF ACTION
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §1788 ET SEQ.
### (AS TO DEFENDANTS JOINTLY AND SEVERALLY)

52. Plaintiffs reallege and incorporate the above paragraphs as though fully set forth herein.

53. By violating the FDCPA, as identified the Cause of Action above, Nationstar has also necessarily violated the RFDCPA as the RFDCPA incorporates each of those provisions of the FDCPA via Cal. Civ. Code § 1788.17.

54. Because Nationstar is a servicer of the account for BoA, Nationstar has therefore been acting at all times relevant as an agent of BoA, and has therefore been acting in association with, and at the direction of, BoA.

55. As such, Nationstar's violations of the Rosenthal Act flow through as liability to BoA under agency theories jointly and severally.

56. To the extent that the actions above violated the RFDCPA, those actions were done knowingly and willfully because Plaintiffs and the bankruptcy court repeatedly informed them of the discharge and Plaintiffs formally disputed the debt months ago.

57. As a direct proximate result of Defendants' conduct, Plaintiffs have suffered actual damages and other harm, thereby entitling them to seek statutory damages

in the amount of $1,000.00 each, actual damages and reasonable attorney fees and costs under Cal. Civ. Code §1788.30.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully requests the Court grant Plaintiffs the following relief against Defendant:

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FCRA
### (AS TO NATIONSTAR ONLY)

58. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

59. Statutory damages of $1,000.00 for each violation for each Plaintiff pursuant to 15 U.S.C. § 1681n(a)(1);

60. Such punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

61. Injunctive relief to command Nationstar to correct the information furnished on Plaintiffs' credit reports and prohibit Nationstar from engaging in future violations;

62. Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

63. Any other relief the Court may deem just and proper including interest.

### SECOND CAUSE OF ACTION
### VIOLATIONS OF THE CCRAA
### (AS TO NATIONSTAR ONLY)

64. Cumulative actual damages pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);

65. Cumulative statutory damages of $5,000.00 for each violation for each Plaintiff, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

///

///

66. Injunctive relief to command Nationstar to correct Plaintiffs' credit reports and prohibit it from engaging in future violations of Cal. Civ. Code § 1785.16, pursuant to Cal. Civ. Code § 1785.31(b);
67. Cumulative attorney fees and costs to maintain the instant action, pursuant to Cal. Civ. Code 1785.31(a)(1) and Cal. Civ. Code § 1785.31(d);
68. Any other relief the Court may deem just and proper including interest.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE FDCPA
### (AS TO NATIONSTAR ONLY)

69. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
70. Statutory damages of $1,000.00 per Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);
71. Attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);
72. Interest, punitive damages and any other relief the Court deems just and proper.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF THE RFDCPA
### (AS TO DEFENDANTS JOINTLY AND SEVERALLY)

73. Actual damages pursuant to Cal. Civ. Code § 1788.30(a) and Cal. Civ. Code § 1788.32;
74. Cumulative statutory damages of $1,000.00 per Plaintiff from both BoA and Nationstar for violation of Cal. Civ. Code § 1788, *et seq* pursuant to Cal. Civ. Code § 1788.30(b) and Cal. Civ. Code § 1788.32. *Gonzales v. Arrow Financial Services, LLC*, 489 F.Supp.2d 1140, 1143 (S.D. Cal. 2007);
75. Attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c) and Cal. Civ. Code § 1788.32;
76. Interest, punitive damages and any other relief the Court deems just and proper.

///
///
///

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury on all counts so triable.

Date: December 16, 2015            LAW OFFICE OF DANIEL G. SHAY

By: s/ Daniel G. Shay
Daniel G. Shay, Esq.
DanielShay@TCPAFDCPA.com
409 Camino Del Rio South, Ste 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292